IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RODERICK ROY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No.  10–cv–90–WDS–SCW |
| ) | |
| **ARNOLD WILLIAMS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is a motion to compel filed by Plaintiff Roderick Roy (Doc. 18). Specifically, Plaintiff argues that there is a dispute regarding Plaintiff's Interrogatory numbers 3,4,7,8, and 9 and Requests to Produce numbers 1,3,9,10,11,12,16,17,18 and 22, and seeks to compel Defendants to completely respond to the Interrogatories and Requests to Produce. On January 19, 2011, the Court held a telephone discovery conference in which both parties presented their arguments on the issues. Following arguments, the Court issued its ruling on the Motion which the Court now memorializes below.

The Court first notes that some of Plaintiff's issues were resolved by supplemental responses to Interrogatories and Requests to Produce submitted prior to the discovery conference. Accordingly, the Court finds that Plaintiff's motion as to Interrogatories 3,4,and 7, as well as Requests to Produce 1, 17, and 22, is **DENIED AS MOOT** as the Plaintiff represents these issues have been resolved by Defendants' supplemental responses.

As to Interrogatories #8 and #9, Defendants agreed to amend their answers to the questions asking Defendants to list any person or entity not named as a Defendants but who Defendants believe caused or contributed to cause the injury to Plaintiff and to list every periodical, journal, or magazine on the subject of police management, law enforcement, or the like that the City of East St. Louis, Illinois Police Department subscribed to from 2003 to present. As to Interrogatory #8, while Defendants agreed to supplement their answers, it was agreed among the parties and the Court that should the information regarding the issue of contributory negligence change due to the results of Defendants' investigation into the claims, Defendants will be allowed to amend their answers to Interrogatory #8. Defendants will have four weeks to supplement their answers to Interrogatory #8 and #9.

As to Request to Produce #3, requesting all photographs, videotapes, audiotapes and/or other such documents of any party, witness, or object related to this incident, Defendants agreed to review records and videos to make sure no additional videos exist from the police department. Defendants will have four weeks in which to complete their search and supplement their response should additional videos or other documents be uncovered.

As to Request to Produce #9, requesting all use of force reports filed by defendant, Arnold Williams, during his employment as a City of East St. Louis, Illinois Police Department, the Court **OVERRULES** Defendants' objections. The Court finds that the request is definitely relevant to Plaintiff's claims . Accordingly, the Court **ORDERS** Defendants to respond to Request to Produce #9. However, the Court limits the request to reports related to use of force or physical abuse Complaints for the five (5) years prior to the events in the Complaint, including February 2003.

As to Request to Produce #10 requesting all documents containing complaints against Defendant Arnold Williams, alleging excessive force, physical abuse, failure to provide adequate medical

care, civil rights violations or assault and battery during Williams' employment as police officer for the City of East St Louis, and Requests to Produce #11 and #16 requesting the same types of complaints against *any* City of East St. Louis, Illinois Police Officers, as well as internal investigations of its officers, the Court **OVERRULES** Defendants' objections. The Court **ORDERS** Defendants to respond to the requests, but are only **ORDERED** to produce Complaints involving excessive force, physical abuse, or civil rights violations related to excessive force and physical abuse for the five (5) years prior to the events at issue in this Complaint.

As to Request to Produce #12, requesting all documents concerning administrative complaints against Defendant Williams during his employment by the City of East St. Louis, Illinois Police Department regarding violations of personnel regulations, internal procedures or other department rules and regulations, the Court **OVERRULES** Defendants' objections. Defendants are ordered to produce the documents referenced in its privilege log numbered AW-P 116, 128 - 132, 192 and 193.

As to Request to Produce #18, requesting a copy of any and all surveys, polls, studies, investigations, correspondence, questionnaires, etc. from any source whatsoever to which the City of East St. Louis, Illinois Police Department responded or conducted with respect to the police shootings, the use of force, the use of deadly force, or violation of constitutional rights by police officers and the investigation of the same, the Court **SUSTAINS** Defendants' objections. The Court, like Defendants, finds the Request to be overbroad, ambiguous, and confusing.

Defendants have an additional four weeks in which to provide their supplement responses.

Due to the confidential nature of the documents Plaintiff seeks, particularly related to the personnel records and complaints against police officers, a Protective Order will be entered by the

Court. The parties will be submitting a proposed protection order.

**IT IS SO ORDERED**.

DATED: January 21, 2011.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge