IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODERICK ROY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 03:10-cv-90-WDS-SCW |
| v. ) | |
| ) | |
| CITY OF EAST ST. LOUIS and OFFICER ) | |
| ARNOLD WILLIAMS, ) | |
| ) | |
| Defendants. ) | |

## **PROTECTIVE ORDER WITH RESPECT TO THE PRODUCTION OF DOCUMENTS**

The Court being fully advised in the premises, hereby finds as follows:

1. In the course of this litigation, Plaintiff has requested in discovery certain records and information that are of a highly personal and private nature concerning employees of the City of East St. Louis who are members of its Police Department, to include the individually named officer Defendant, Arnold Williams, as well as other officers who are not named parties to this lawsuit and who had no involvement in the matters at issue herein;

2. In particular, Plaintiff has requested records regarding complaints or allegations of excessive use of force or physical abuse by East St. Louis Police officers, including all records relating to any investigation as well as those reflecting any disciplinary action taken as a result of such complaints or allegations;

3. Plaintiff has argued, and the Court agrees, that the above-described documents are relevant and material to Plaintiff's claim against the City of East St. Louis, wherein he alleges that it has policies, customs or practices that encourage the use of excessive force by its officers;

4. However, the Court also recognizes that these documents may contain sensitive, private information concerning officers and/or witnesses or complainants referenced therein, including their identities, locations, contact data; further, these records may also include

statements made upon the condition of and/or with the expectation of privacy, and that may include descriptions of criminal conduct made under such conditions or with such expectations;

    5.    In addition, the Court recognizes that the individual officers and The City of East St. Louis, Illinois have a particular interest in protecting the officers' privacy and safety, and that this interest may be adversely affected by the unrestricted disclosure of such sensitive documents and information because the public dissemination thereof could have deleterious effects on the officer's personal safety, and/or on their ability to safely and effectively perform their jobs;

    6.    Given the above, IT IS HEREBY ORDERED that the discovery, production, use and/or handling of the records and materials described above, to include any and all citizen or internal complaints of excessive use of force or physical abuse and any and all documents made or generated in conjunction with or as a result the same, and in particular investigatory files or records such as (but not necessarily limited to) written and/or recorded (by audio or video) witness statements, notes, summaries of interviews or conversations, findings with respect to complaints or allegations, recommendations for discipline and/or documents reflecting or concerning disciplinary action and/or any personnel or records related to such complaints, shall be done in accordance with the following terms and under the following conditions, only:

    a.    All documentation within these files, as well as the information contained within said documentation that is not otherwise publicly available, shall be designated as "CONFIDENTIAL," and therefore is subject to the terms of this Agreement;

    b.    This CONFIDENTIAL information shall not be used for any purpose other than the conduct of the case. No one shall be permitted access to confidential information except for the prosecution or defense or appeal of

    the case, except that the individual officer Defendant and his employer may use their own confidential information for any lawful purpose.

  c. Except as expressly provided in this Agreement, the CONFIDENTIAL information may be disclosed only to the following:

    i. Plaintiff's counsel of record and any agents, employees or representatives thereof, provided they are aware of and agree to abide by the terms of this Order;

    ii. The Court, in accordance with the provisions of Paragraph 8 of this Order;

 7. If for any reason counsel wishes to disclose the CONFIDENTIAL documents or information as designated herein to anyone who is not a party to this lawsuit, such disclosure shall be limited to be expressly for purposes related to this lawsuit (such as to an expert witness for analysis), and counsel further agrees to have those individuals execute "Addendum A" attached hereto, to represent that they understand and will abide by the terms of this Agreement

 8. Shall it become necessary to file any of the confidential documents or information, said documents or information presumptively become part of the public record. A party wishing to file such documents or information shall give advance notice to opposing counsel so as to give sufficient opportunity for any party to file a motion with the court requesting that the document or information be filed under seal. The court will make an individualized determination as whether any document or information should be filed under seal. See *Bond v. Utreras*, 585 F.3d 1061, 1073-74 (7th Cir. 2009);*Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-45 (7th Cir. 1999). Any filed documents or

information which are not allowed to be filed under seal will become part of the record despite being previously designated as confidential in this order.

9. Neither the taking of, nor the failure to take, any action to challenge the designation of confidentiality pursuant to this Protective Order or to enforce the provisions of this Protective Order shall constitute a waiver of any right, claim, or defense by any party to the action, or by individual Defendants whose information is being produced;

10. No Party to this action, to include all attorneys, counsel and/or the employees, agents or associates thereof who gain access to any CONFIDENTIAL documents or information as specified herein shall disclose or use any CONFIDENTIAL documents or information other than in accordance with the terms and conditions of this Protective Order.

11. Without limiting other remedies which may be available, if CONFIDENTIAL documents and/or information are disclosed in violation of this Protective Order, any Party or person bound hereby, to include all attorneys and related representative(s) of any Party (as set out Paragraphs 6 and 7 herein) who learned of said disclosure, as well as any Party, attorney(s) or other representative(s) of said Party who caused, permitted, or was otherwise responsible for said disclosure, shall immediately inform counsel for The City of East St. Louis of the disclosure and all pertinent facts related thereto.  Said Party, attorney(s) or other representative(s) shall also make every effort to curtail said disclosure, to the extent possible, and to prevent any further disclosure, including any disclosure by any person who received any confidential information in violation of the Protective Order.

12. This Agreement shall become binding upon the Parties and upon their counsel, to when signed by any one of their attorneys of record in this action, electronically or otherwise, and the signature of one attorney of record shall be binding as to all other attorneys for that Party

as well as their employees, staff or other representatives who are working on this case, as set out above. This Agreement shall also become binding upon any other individuals to whom disclosure is made under these terms at they time they execute Addendum A, as appropriate.

13. In addition, the Parties have agreed, and the Court has affirmed, that there are identical privacy and safety concerns surrounding the production of Defendant Arnold Williams' personnel and disciplinary or internal affairs records, and that these should be entitled to the same protections and done under the same conditions, pursuant to the Parties' prior agreement.

**February 18, 2011**
(Date)

*s/ Jamie Bracewell*  **(by consent)**
Ms. Staci M. Yandle
Ms. Jamie Bracewell
The Law Offices of Staci M. Yandle, LLC
7012 West Main Street
Belleville, Illinois 62223
syandle@yandlelaw.com
jbracewell@yandlelaw.com
*Attorneys for Plaintiff Roderick Roy*

**February 18, 2011**
(Date)

*s/ Heidi L. Eckert*
Heidi L. Eckert
Michael L. Wagner
Hinshaw & Culbertson LLP
521 West Main Street; Suite 300
P.O. Box 509
Belleville, IL 62222-0509
ncardinale@hinshawlaw.com
mwagner@hinshawlaw.com
*Attorneys for Defendants The City of East St. Louis
and Arnold Williams*

IT IS SO ORDERED:

*/s/ Stephen C. Williams*
Judge

February 18, 2011
(Date)